$250.00

JKG

FI

APR (

MICHAEL E

By

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA FRASER-HOWZE, In Her Individual Capacity and as Administratrix of the Estate of BARRON J. WRIGHT<br>Plaintiff | : | CIVIL ACTION NO. |
| VS. | : | 06 1460 |
| THE MONROE COUNTY BUREAU OF NARCOTICS INVESTIGATION OF THE OFFICE OF ATTORNEY GENERAL, AGENT JEFFREY A. ANTINUCCI, in His Official and Individual Capacities, JEFFREY P. ASTER, in His Official and Individual Capacities, AGENT KEITH CHARLES, in His Official and Individual Capacities, AGENT DAVID CHRISTINE, in His Official and Individual Capacities, AGENT SCOTT L. FRALEY, in His Official and Individual Capacities, AGENT ANTHONY L. MUSCARELLO, in His Official and Individual Capacities, AGENT KIRK SCHWARTZ, in His Official and Individual Capacities<br><br>Defendants | : | |

**COMPLAINT**

**INTRODUCTION**

This is an action for money damages against the named Defendants brough
of Plaintiff, Debra Fraser-Howze, individually and as the Administratrix of the Est
J. Wright.

It is alleged that Defendants Steven Wheeler, Regional Director of the Pen Office of Attorney General, Bureau of Narcotics Investigation (hereinafter "OAG- liable for the injuries complained of herein because of his deliberate indifference i properly to train, supervise and discipline OAG-BNI agents on policies and proced regarding, inter alia, the use of deadly force and excessive force and because of the policies, practices and customs of racial bias and stereotyping African Americans a people of color in a discriminatory manner.

It is alleged that the OAG-BNI is liable for the injuries complained of herei deliberate indifference in failing properly to train, supervise and discipline its agen the individually named defendants in this case, concerning the use of deadly force excessive force, and its policies, practices and customs of racial bias and stereotypi Americans and other people of color in a discriminatory manner.

It is further alleged that Defendant Agent Jeffrey P. Aster, acting under colo used excessive and unnecessary deadly force and killed Barron J. Wright on April violation of his rights under the Fourth, Fifth, Thirteenth and Fourteenth Amendme United States Constitution and 42 U.S.C. § 1983.

It is further alleged Agent Scott L. Fraley, acting under color of law excessive force in attempting to take custody of Barron J. Wright, thus causing eve

to his death at the hands of Agent Aster on April 13, 2004 in violation of his rights Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constit U.S.C. § 1983.

It is further alleged that on the aforementioned date Defendants Agents Jeff Antiucci, Agent Charles Keith, Agent Anthony L. Muscarello, Agent Kirk Schwar participated in a sting operation in which Barron J. Wright was pursued and unlaw through the use of excessive and unnecessary deadly force which caused his death of Agent Aster on April 13, 2004 in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 198

It is further alleged that each of the Defendants deprived the Plaintiff Debra Howze, the mother of Barron J. Wright, of her right of familial companionship and causing the wrongful death of Barron J. Wright in violation of her rights under the Fourteenth Amendments to the United States Constitution.

It is finally alleged that the actions of each of the Defendants violated Barro Wright's rights under state law.

**JURISDICTION**

This is an action for damages brought pursuant to 42 U.S.C. §1983 and the Fifth, Thirteenth and Fourteenth amendments to the United States Constitution anc the State of Pennsylvania.

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. Pla invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear claims arising under state law.

Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

1. Plaintiff, Debra Fraser-Howze, is an African American and is the A of the Estate of Barron J. Wright (hereinafter "Wright"), her deceased son, an Afri American male born on November 25, 1978. At all times herein mentioned Plaint citizen of the State of Pennsylvania. She brings this action in both her individual c as the Administratrix of the Estate of Barron J. Wright.

2. At all times herein mentioned, Defendant Steven Wheeler was the I Director of the Pennsylvania Office of Attorney General, Bureau of Narcotics Inve its Allentown office, which is the office to which the individually named Defendar were assigned.

3. At all times herein mentioned Defendant Agent Jeffrey P. Aster was appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

4. At all times herein mentioned Defendant Agent Jeffrey A. Antinucc appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

5. At all times herein mentioned Defendant Agent Keith Charles was a appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

6. At all times herein mentioned Defendant Agent Scott L. Fraley was appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

7. At all times herein mentioned Defendant Agent Anthony L. Muscai duly appointed and acting agent of the OAG-BNI assigned to its Allentown, PA of

8. At all times herein mentioned Defendant Agent Kirk Schwartz was appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

**FACTS**

9. Several days before April 13, 2004, a representative or agent of the assigned to its Allentown office contacted Barron J. Wright to induce him to arrang of cocaine to a person who, unbeknownst to Wright, was an agent of OAG-BNI, ev this representative or agent knew that Wright had not before engaged in selling coc

10. As a result of the pressuring by this representative or agent of OAG- Wright agreed to meet "Kirk", later identified as Agent Kirk Schwartzt of OAG-BN purportedly to arrange to sell cocaine to him.

11. On or avbout April 13, 2004 at approximately 10:00am, Wright park Explorer in the parking lot of the Snydersville Diner and met with undercover Ager as a result of the pressuring from the above-mentioned representative or agent of O

12. Immediately after the meeting with then undercover Agent Schwartz returned to his Ford Explorer intending to leave the parking lot when a "takedown" containing Defendant Agents Aster, Charles, Fraley and Muscarello drove up and s

front of Wright's vehicle, while at the same time a "blocking" vehicle driven by D Agent Antinucci stopped behind Wright's vehicle, blocking him from being able t

13. Wright, whose vehicle was blocked in, attempted to leave by puttin reverse, but was unable to go far because his vehicle was "blocked in" by agents a vehicles.

14. Agents Aster and Fraley with guns draw placed themselves in a pos the vehicle could not pose a danger to them and ordered Wright to put his hands w could be seen.

15. As Wright attempted futally to back his vehicle up and while posin to either Agents Aster, Fraley or any other agents, Agents Aster and Fraley fired a rounds/shots at a trapped Wright, executing him with the fatal shot fired by Agent entering Wright's lower left chest, moving in a left to right, front to back, downwa

16. Both Agent Aster and Agent Staley were located on the driversd sic Wright's vehicle and in a position where the vehicle posed no danger to them at th the shots were fired, and neither of them nor any other agent was positioned so th vehicle posed any danger to them.

17. Agent Schwartz was aware from his meeting with Wright that he pc weapons and at the time of the shooting, there was absolutely no indication that W

weapon on him or in his vehicle.

18. Wright was shot at in execution fashion by Agents Aster and Staley was unarmed and helplessly trapped in his vehicle, which posedd no danger to the others.

19. The Agents in blocking Wright's vehicle and attempting to take hin custody in the manner that they did failed to follow proper police training procedu

20. Agents Aster and Staley in using deadly force against Wright failed propoer police training and procedures.

21. Wright was killed by a single gunshot fired from the gun of Agent the fatal bullet entering the left anterolateral, lower chest, traveling rightward, fron downward, exiting through the right lateral and lower chest.

**FEDERAL CAUSES OF ACTION**

**COUNT I**

**(Unreasonable Force)**

1-21. Paragraphs 1 through 21 of the Facts are hereby incorporated in this if fully pled herein.

22. At all times relevant hereto, Agents Aster, Antinucci, Charles, Chri

Muscarello and Schwartz acted under color of law as employees of the County an

23. The acts and omissions of said Defendant Agents including, but no the use of deadly and excessive force herein described, constituted unreasonable a unnecessary force which violated the rights, privileges and immunities of Wright the Fourth, Fifth and Fourteenth Amendments of the United States Constitution in 42 U.S.C. § 1983.

**COUNT TWO**

**(Substantive Due Process as To Defendants Aster and Fraley)**

1-21. Paragraphs 1 through 21 of Count I are hereby incorporated in this fully plead herein

22. At all times relevant hereto, Defendants Aster and Fraley were emp Pennsylvania OAG-BNI respectively and at all times herein acted under color of l

23. Defendants Aster and Fraley undetook a duty to protect citizens suc

24. The acts and omissions of Defendants Aster and Fraley, including, limited to, the use of deadly and excessive force as herein described, constituted u and unnecessary force which violated the rights, privileges and immunities of Wri

under the Fourth, Fifth and Fourteenth Amendments of the United States Constitu violation of 42 U.S.C. § 1983.

25. The conduct of Defendants Aster and Fraley, as contained herein, i of police conduct which "shocks the conscience" and constitutes substantive due p violations.

26. Due to Defendants' Aster and Fraley's due process violations, Wrig Plaintiff has suffered damages.

**COUNT THREE**

**(§1983 Conspiracy As To All Defendants)**

1-21 Paragraphs 1 through 21 of Count I are hereby incorporated in this if fully plead herein.

22. Upon information and belief Defendants Agents Aster, Antinucci, C Christine, Fraley, Muscarello and Schwartz, acting in their individual capacities an color of state law, having conspired with others, reached a mutual understanding a undertake a course of conduct that violated Plaintiff's civil rights, to wit:

The defendants agreed and acted to conceal the true manner in whic was shot to death by Aster, i.e., the defendants conspired by giving a false account shooting that placed Agent Fraley in front of Wright's vehicle and in danger of dea

physical harm from it..

23. By reason of the foregoing, defendants violated 41 U.S.C. § 1983 b Wright of his constitutional rights.

24. As a direct result of the conspiracy among defendants, the shooting was deemed to be justified and Plaintiff has suffered severe physical and emotiona

**COUNT IV**

**(Supervisory Liability)**

1-21. Paragraphs 1 through 21 of Count I are hereby reincorported in this if fully pled herein.

22. Defendant Wheeler as Regional Director of OAG-BNI was respons training, supervising and disciplining agents of OAG-BNI in the performance of t

23. Upon information and belief, Defendant Wheeler was aware or sho been aware of the use of excessive force, including, but not limited to deadly forc occaisions by agents within his Region and who worked out of the Allentown offi failed properly to discipline thes agents under his supervision.

24. Defendant Wheeler also failed propoerly to train agents within his proper manner to take a suspect into custody without putting themselves or the su danger of serious physical harm or death, or without the use of deadly force.

25. The aforementioned acts and omissions of Defendant Wheeler dep of his rights and immunities secured by the Fourth, Fifth and Fourteenth Amendm U.S. Constitution in violation of 42 U.S.C. § 1983.

24. As a result of Defendant Wheeler's conduct, Wright was shot to d execution ffashion and Plaintiff has suffered damages.

**COUNT V**

**(Monell Claims As To Defendant OAG-BNI and Wheeler)**

1-21. Paragraphs 1 through 21 of Count I are hereby reincorported in thi if fully pled herein.

22. On information and belief, the injuries of Wright were the result of practice, custom and usage of Defendant OAG-BNI and Wheeler, by and through Wheeler, an official policymaker of the OAG-BNI, of failing properly to supervis discipline agents who have a propensity for violence or failing to establish policie would prevent agents from engaging in such behavior or practices.

23. On information and belief, the death of Wright was the result of a p practice, custom and usage of the Defendants OAG-0BNI and Wheeler of providi constitutionally inadequate supervision, training or discipline of their agents to ma did not use deadly and/or excessive force unnecessarily..

24. On information and belief, the death of Wright was the result of a practice, custom and usage of the Defendants OAG-BNI and Wheeler of failing t in the proper use of force, including the use of deadly weapons, in arresting citize of Pennsylvania.

25. The Department engaged in a practice, custom or usage of not trai in the proper use of force, including the deadly weapons, and/or failing to discipli who used extreme force, including the improper use of deadly force.

26. Said policies, practices and customs of Defendants OAG-BNI and complained of herein, as well as its omissions, deprived Wright of his rights secu Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution in violation of 1983.

27. As a result of the aforementioned policies and/or customs, OAG-B named above believed that their actions and/or omissions would not be properly n that misconduct would not be investigated or sanctioned but would be tolerated.

**COUNT VI**

**(Negligence As To Defendant OAG-BNI and Wheeler)**

1-21. Paragraphs 1 through 21 of Count I are hereby reincorporated in thi if fully pled herein.

21. At all times mentioned herein, it was the duty of Defendants OAG Wheeler to take such measures and care, as the nature of the situation might requ Wright from the use of unnecessary and excessive force and the use of deadly for

22. Wright's death was caused by and was the direct and proximate re nelgience and carelessness of the OAG-BNI and Defenant Wheeler in one or mor following ways:

a. they failed to train their agents in the proper use of force the use of deadly force;

b. they failed to discipline their agents who used excessive including the improper use of deadly force.

24. Due to Defendants OAG-BNI and Wheeler's negligence, Wright d Plaintiff suffered damages.

.

**COUNT VIII**

**(Respondeat Superior As To Defendants Aster, Antinucci, Charles, Christine Muscarello and Schwartz,)**

1-21. Paragraphs 1 through 21 of Count I are hereby reincorporated in thi as if fully pled herein.

21. At all times herein mentioned Defendants Aster, Antinucci, Charle

Fraley, Muscarello and Schwartz, were the employees and agents and in the empl Defendant OAG-BNI as law enforcement agents. At all times herein mentioned, s employees were acting in concert with, for and on behalf of and at the instance ar said Defendant OAG-BNI and were acting within the scope of their employment agency.

22. Defendant OAG-BNI, thrugh its agents and servants, has deprived her rights and has injuired and damaged her as more fully set forth above.

**COUNT IX**

**(Wrongful Death Action As To All Defendants)**

1-21. Paragraphs 1 through 21 of Count I are hereby reincorported in thi if fully pled herein.

21. As a direct and proximate result of the defendants' negligence as a Barron J. Wright died on April 13, 2004, and was declared dead on said date.

22. By reason of the death of Barron J. Wright, the statutory beneficar has suffered damages as set forth in 42 Pa. C.S.A. §8301 et. seq., including pecun

23. By reason of the foregoing, Plaintiff's decedent suffered severe inj mind and body and endured pain and suffering, excited delirium and asyphixiatio damages are recoverable under 42 Pa. C.S.A. §8301, et. seq.

24. By reason of the foregoing, Plaintiff individually and/or decedent's incurred funeral and/or administration expenses, all of which are recoverable und C.S.A.§ 8301, et. seq..

25. Plaintiff seeks damages as a result of said actions.

**COUNT X**

**(Pendent Claim for Assault and Battery)**

1-21. Paragraphs 1 through 21 of Count I are hereby reincorported in thi if fully pled herein.

21. By reason of the foregoing, defendants are liable to Plaintiff for de and Fraley's assault and battery against Barron J. Wright.

22. Plaintiff seeks damages as a result of said actions.

**COUNT XI**

**(Pendent Claims For Reckless and Negligent Infliction Of Emotional D**

1-21. Paragraphs 1 through 21 of Count I are hereby reincorported in thi if fully pled herein.

21. By reason of the foregoing, defendants are liable to Plaintiff for th negligent infliction of emotional distress.

22. As a consequence, Plaintiff has suffered damages in an amount to at trial.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defen prays for the following relief:

1. Compensatory damages;
2. Emotional damages;
3. Pain and suffering;
4. Punitive damages;
5. Attorneys' fees and costs; and
6. Such other relief as the Court may deem just.

A JURY TRIAL IS HEREBY DEMANDED.

PLAINTIFF

By ____________________

Debra Fraser-Howze, Pro