UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA FRASER-HOWZE, in her Individual Capacity and as Administratrix of the Estate of BARRON J. WRIGHT | : | |
| | : | |
| | : | |
| | : | CIVIL ACTION |
| | : | Case No. 06-CV-01460 |
| Plaintiff | : | |
| v. | : | JUNE 15, 2007 |
| | : | |
| THE MONROE COUNTY BUREAU OF NARCOTICS INVESTIGATION OF THE OFFICE OF ATTORNEY GENERAL, AGENT JEFFREY A. ANTINUCCI, in his Official and Individual Capacities, JEFFREY P. ASTER, in His Official and Individual Capacities, AGENT KEITH CHARLES, in his Official and Individual Capacities, AGENT DAVID CHRISTINE, in his Official and Individual Capacities, AGENT SCOTT L. FRALEY, in SCOTT L. FRALEY, in his Official and Individual Capacities, AGENT ANTHONY L. MUSCARELLO, in his Official and Individual Capacities, AGENT KIRK SCHWARTZ, in his Official and Individual Capacities | : : : : : : : : : : : : : : : : : | |
| | : | |
| Defendants | : | |

**AMEMDED COMPLAINT**

**INTRODUCTION**

     This is an action for money damages against the named Defendants brought on behalf of

Plaintiff, Debra Fraser-Howze, individually and as the Administratrix of the Estate of Barron J. Wright.

It is alleged that Defendants Steven Wheeler, Regional Director of the Pennsylvania Office of Attorney General, Bureau of Narcotics Investigation (hereinafter "OAG-BNI") is liable for the injuries complained of herein because of his deliberate indifference in failing properly to train, supervise and discipline OAG-BNI agents on policies and procedures regarding, inter alia, the use of deadly force and excessive force and because of the Defendant's policies, practices and customs of racial bias and stereotyping African Americans and other people of color in a discriminatory manner.

It is alleged that the OAG-BNI is liable for the injuries complained of herein for its deliberate indifference in failing properly to train, supervise and discipline its agents, including the individually named defendants in this case, concerning the use of deadly force and excessive force, and its policies, practices and customs of racial bias and stereotyping African Americans and other people of color in a discriminatory manner.

It is further alleged that Defendant Agent Jeffrey P. Aster, acting under color of law, used excessive and unnecessary deadly force and killed Barron J. Wright on April 13, 2004 in violation of his rights under the Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

It is further alleged Agent Scott L. Fraley, acting under color of law, used excessive force in attempting to take custody of Barron J. Wright, thus causing events that led to his death at the hands of Agent Aster on April 13, 2004 in violation of his rights under the Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

It is further alleged that on the aforementioned date Defendants Agents Jeffrey A. Antiucci,

Agent Charles Keith, Agent Anthony L. Muscarello, Agent Kirk Schwartz, participated in a sting operation in which Barron J. Wright was pursued and unlawfully seized through the use of excessive and unnecessary deadly force which caused his death at the hands of Agent Aster on April 13, 2004 in violation of his rights under the Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

It is further alleged that each of the Defendants deprived the Plaintiff Debra Fraser-Howze, the mother of Barron J. Wright, of her right of familial companionship and society by causing the wrongful death of Barron J. Wright in violation of her rights under the Fifth and Fourteenth Amendments to the United States Constitution.

It is finally alleged that the actions of each of the Defendants violated Barron J. Wright's rights under state law.

## **JURISDICTION**

This is an action for damages brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Thirteenth and Fourteenth amendments to the United States Constitution and the laws of the State of Pennsylvania.  This action is also brought pursuant to 20 Pa.C.S. § 3373, i.e., the Pennsylvania survival statute.

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2).

**PARTIES**

1.      Plaintiff, Debra Fraser-Howze, is an African American and is the Administratrix of the Estate of Barron J. Wright (hereinafter "Wright"), her deceased son, an African American male born on November 25, 1978.  At all times herein mentioned Plaintiff was a citizen of the State of Pennsylvania. She brings this action in both her individual capacity and as the Administratrix of the Estate of Barron J. Wright.

2.      At all times herein mentioned, Defendant Steven Wheeler was the Regional Director of the Pennsylvania Office of Attorney General, Bureau of Narcotics Investigation in its Allentown office, which is the office to which the individually named Defendant Agents were assigned.

3.      At all times herein mentioned Defendant Agent Jeffrey P. Aster was a duly appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

4.      At all times herein mentioned Defendant Agent Jeffrey A. Antinucci was a duly appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

5.      At all times herein mentioned Defendant Agent Keith Charles was a duly appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

6.      At all times herein mentioned Defendant Agent Scott L. Fraley was a duly appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

7.      At all times herein mentioned Defendant Agent Anthony L. Muscarello was a duly appointed and acting agent of the OAG-BNI assigned to its Allentown, PA office.

8.      At all times herein mentioned Defendant Agent Kirk Schwartz was a duly appointed

and acting agent of the OAG-BNI assigned to its Allentown, PA office.

**FACTS**

9.      Several days before April 13, 2004, a representative or agent of the OAG-BNI assigned to its Allentown office contacted Barron J. Wright to induce him to arrange for a sale of cocaine to a person who, unbeknownst to Wright, was an agent of OAG-BNI, even though this representative or agent knew that Wright had not before engaged in selling cocaine.

10.      As a result of the pressuring by this representative or agent of OAG-BNI, Wright agreed to meet "Kirk", later identified as Agent Kirk Schwartzt of OAG-BNI, purportedly to arrange to sell cocaine to him.

11.      On or avbout April 13, 2004 at approximately 10:00am, Wright parked his Ford Explorer in the parking lot of the Snydersville Diner and met with undercover Agent Schwartz as a result of the pressuring from the above-mentioned representative or agent of OAG-BNI.

12.      Immediately after the meeting with then undercover Agent Schwartz, Wright returned to his Ford Explorer intending to leave the parking lot when a "takedown" van containing Defendant Agents Aster, Charles, Fraley and Muscarello drove up and stopped in front of Wright's vehicle, while at the same time a "blocking" vehicle driven by Defendant Agent Antinucci stopped behind Wright's vehicle, blocking him from being able to drive away.

13.      Wright, whose vehicle was blocked in, attempted to leave by putting his car in reverse, but was unable to go far because his vehicle was "blocked in" by agents and other vehicles.

14.      Agents Aster and Fraley with guns draw placed themselves in a position where the

vehicle could not pose a danger to them and ordered Wright to put his hands where they could be seen.

15. As Wright attempted futally to back his vehicle up and while posing no danger to either Agents Aster, Fraley or any other agents, Agents Aster and Fraley fired at least five rounds/shots at a trapped Wright, executing him with the fatal shot fired by Agent Aster entering Wright's lower left chest, moving in a left to right, front to back, downward motion.

16. Both Agent Aster and Agent Staley were located on the driversd side of Wright's vehicle and in a position where the vehicle posed no danger to them at the time that the shots were fired, and neither of them nor any other agent was positioned so that Wright's vehicle posed any danger to them.

17. Agent Schwartz was aware from his meeting with Wright that he possed no weapons and at the time of the shooting, there was absolutely no indication that Wright had a weapon on him or in his vehicle.

18. Wright was shot at in execution fashion by Agents Aster and Staley when he was unarmed and helplessly trapped in his vehicle, which posedd no danger to the Agents or others.

19. The Agents in blocking Wright's vehicle and attempting to take him into custody in the manner that they did failed to follow proper police training procedures.

20. Agents Aster and Staley in using deadly force against Wright failed to follow propoer police training and procedures.

21. Wright was killed by a single gunshot fired from the gun of Agent Aster, with the fatal bullet entering the left anterolateral, lower chest, traveling rightward, front to back and downward,

exiting through the right lateral and lower chest.

## FEDERAL CAUSES OF ACTION

### COUNT I

#### (Unreasonable Force)

22.     Paragraphs 1 through 21 are hereby incorporated in this Count I as if fully set forth herein.

23.     At all times relevant hereto, Agents Aster, Antinucci, Charles, Christine, Fraley, Muscarello and Schwartz acted under color of law as employees of the County and/or State.

24.     The acts and omissions of said Defendant Agents including, but not limited to, the use of deadly and excessive force herein described, constituted unreasonable and unnecessary force which violated the rights, privileges and immunities of Wright secured under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983.

### COUNT  II

#### (Substantive Due Process as To Defendants Aster and Fraley)

25.     Paragraphs 1 through 24 are hereby incorporated in this Count II as if fully set forth herein.

26.     At all times relevant hereto, Defendants Aster and Fraley were employed by the Pennsylvania OAG-BNI respectively and at all times herein acted under color of law.

27.     Defendants Aster and Fraley undetook a duty to protect citizens such as Wright.

28.     The acts and omissions of Defendants Aster and Fraley, including, but not limited to,

the use of deadly and excessive force as herein described, constituted unreasonable and unnecessary force which violated the rights, privileges and immunities of Wright secured under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983.

29.     The conduct of Defendants Aster and Fraley, as contained herein, is an example of police conduct which "shocks the conscience" and constitutes substantive due process violations.

30.     Due to Defendants' Aster and Fraley's due process violations, Wright died and Plaintiff has suffered damages.

## COUNT III

### (§1983 Conspiracy As To All Defendants)

31.     Paragraphs 1 through 30 are hereby incorporated in this Count III as if fully set forth herein.

32.     Upon information and belief Defendants Agents Aster, Antinucci, Charles, Christine, Fraley, Muscarello and Schwartz, acting in their individual capacities and under color of state law, having conspired with others, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights, to wit:

The defendants agreed and acted to conceal the true manner in which Wright was shot to death by Aster, i.e., the defendants conspired by giving a false account of the shooting that placed Agent Fraley in front of Wright's vehicle and in danger of death or serious physical harm from it..

33.     By reason of the foregoing, defendants violated 41 U.S.C. § 1983 by depriving Wright of  his constitutional rights.

34.     As a direct result of the conspiracy among defendants, the shooting of Wright was deemed to be justified and Plaintiff has suffered severe physical and emotional injuries.

### COUNT IV

**(Supervisory Liability)**

35.     Paragraphs 1 through 34 are hereby reincorported in this Count IV as if fully set forth herein.

36.     Defendant Wheeler as Regional Director of OAG-BNI was responsible for training, supervising and disciplining agents of OAG-BNI in the performance of their duties.

37.     Upon information and belief, Defendant Wheeler was aware or should have been aware of the use of excessive force, including, but not limited to deadly force, on previous occaisions by agents within his Region and who worked out of the Allentown office, yet he failed properly to discipline thes agents under his supervision.

38.     Defendant Wheeler also failed propoerly to train agents within his Region in the proper manner to take a suspect into custody without putting themselves or the suspect in danger of serious physical harm or death, or without the use of deadly force.

39.     The aforementioned acts and omissions of Defendant Wheeler deprived Wright of his rights and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution in violation of 42 U.S.C. § 1983.

40.     As a result of Defendant Wheeler's  conduct, Wright was shot to death in an execution ffashion and Plaintiff has suffered damages.

## COUNT V

**(Monell Claims As To Defendant OAG-BNI and Wheeler)**

41.     Paragraphs 1 through 40 are hereby reincorported in this Count V as if fully set forth herein.

42.     On information and belief, the injuries of Wright were the result of a policy, practice, custom and usage of Defendant OAG-BNI and Wheeler, by and through Defendant Wheeler, an official policymaker of the OAG-BNI, of failing properly to supervise, train or discipline agents who have a propensity for violence or failing to establish policies which would prevent agents from engaging in such behavior or practices.

43.     On information and belief, the death of Wright was the result of a policy, practice, custom and usage of the Defendants OAG-0BNI and Wheeler of providing constitutionally inadequate supervision, training or discipline of their agents to make sure they did not use deadly and/or excessive force unnecessarily..

44.     On information and belief, the death of Wright was the result of a policy, practice, custom and usage of the Defendants OAG-BNI and Wheeler of failing to train agents in the proper use of force, including the use of deadly weapons, in arresting citizens of the State of Pennsylvania.

45.     The Department engaged in a practice, custom or usage of not training officers in the proper use of force, including the deadly weapons, and/or failing to discipline its officers who used extreme force, including the improper use of deadly force.

46.    Said policies, practices and customs of Defendants OAG-BNI and Wheeler  complained of herein, as well as its omissions, deprived Wright of his rights secured by the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution in violation of 42 U.S.C. § 1983.

47.    As a result of the aforementioned policies and/or customs, OAG-BNI agents named above believed that their actions and/or omissions would not be properly monitored and  that misconduct would not be investigated or sanctioned but would be tolerated.

## COUNT  VI

### (Negligence As To Defendant OAG-BNI and Wheeler)

48.    Paragraphs 1 through 47 are hereby incorported in this Count VI as if fully set forth herein.

49.    At all times mentioned herein, it was the duty of Defendants OAG-BNI and Wheeler to take such measures and care, as the nature of the situation might require, to protect Wright from the use of unnecessary and excessive force and the use of deadly force.

50.    Wright's death was caused by and was the direct and proximate result of the nelgience and carelessness of the OAG-BNI and Defenant Wheeler in one or more of the following ways:

    a.    they failed to train their agents in the proper use of force, including the use of deadly force;

    b.    they failed to discipline their agents who used excessive force, including the improper use of deadly force.

51.    Due to Defendants OAG-BNI and Wheeler's negligence, Wright died and Plaintiff

suffered damages.

## COUNT VII

**(Respondeat Superior As To Defendants Aster, Antinucci, Charles, Christine, Fraley, Muscarello and Schwartz,)**

52.     Paragraphs 1 through 51 are hereby incorporated in this Count VII as if fully set forth herein.

53.     At all times herein mentioned Defendants Aster, Antinucci, Charles, Christine, Fraley, Muscarello and Schwartz, were the employees and agents and in the employ of the Defendant OAG-BNI as law enforcement agents. At all times herein mentioned, said employees were acting in concert with, for and on behalf of and at the instance and request of said Defendant OAG-BNI and were acting within the scope of their employment by said agency.

54.     Defendant OAG-BNI, trhugh its agents and servants, has deprived Plaintiff of her rights and has injuired and damaged her as more fully set forth above.

## COUNT VIII

**(Wrongful Death Action As To All Defendants)**

55.     Paragraphs 1 through 54 are hereby incorporated in this Count VIII as if fully set forth herein.

56.     As a direct and proximate result of the Defendants' negligence as aforesaid, Barron J. Wright died on April 13, 2004, and was declared dead on said date.

57.     By reason of the death of Barron J. Wright, the statutory beneficiary of his estate has

suffered damages as set forth in 42 Pa. C.S.A. 8301, et. seq.

58.     By reason of the foregoing, Plaintiff's decedent suffered severe injuries to his mind and body and endured pain and suffering, excited delirium and asyphixiation, which damages are recoverable under 42 Pa. C.S.A. §8301, et. seq.

59.     By reason of the foregoing, Plaintiff individually and/or decedent's estate has incurred funeral and/or administration expenses, all of which are recoverable under 42 Pa. C.S.A.§ 8301, et. seq..

60.     Plaintiff seeks damages as a result of said actions.

## <u>COUNT  IX</u>

**(Survival Action As To All Defendants)**

61.     Paragraphs 1 through 60 are hereby incorported in this Count IX as if fully set forth herein.

62.     As a direct and proximate result of the Defendants' negligence as aforesaid, Barron J. Wright died on April 13, 2004, and was declared dead on said date.

63.     Plaintiff brings this action on behalf of the Estate of Barron J. Wright under and by virtue of the Act of June 30, 1972, P.L. 500, No. 164, effective July 1, 1972, 20 Pa. C.S.A. 3373 against Defendants.

64.     Plaintiff claims on behalf of this estate, damages suffered by reason of the death of Barron J. Wright, as well as his pain and suffering, prior to death.

65.     By reason of the foregoing careless and negligent conduct of Defendants, Plaintiff's decedent suffered severe personal injuries, severe physical and emotional pain, was deprived of a

medically significant chance of survival, and ultimately died.

66.     By reason of the foregoing, Plaintiff's decedent underwent great physical pain and suffering prior to his death, including but not limited to, a period of time without medical attention and care to treat severe injuries caused by the incident in question, and excruciating pain and disability as a result of severe injuries.

67.     Plaintiff seeks damages as a result of said actions.

## COUNT  X

### (Pendent Claim for Assault and Battery)

68.     Paragraphs 1 through 67 are hereby incorporated in this Count X as if fully set forth herein.

69.     By reason of the foregoing, Defendants are liable to Plaintiff for defendant Aster and Fraley's assault and battery against Barron J. Wright.

70.     Plaintiff seeks damages as a result of said actions.

## COUNT  XI

### (Pendent Claims For Reckless and Negligent Infliction Of Emotional Distress)

71.     Paragraphs 1 through 70 hereby incorporated in this Count XI as if fully set forth herein.

72.     By reason of the foregoing, Defendants are liable to Plaintiff for the reckless and negligent infliction of emotional distress.

73.     As a consequence, Plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendants and

prays for the following relief:

1. Compensatory damages;

2. Emotional damages;

3. Pain and suffering;

4. Punitive damages;

5. Attorneys' fees and costs; and

6. Such other relief as the Court may deem just.

A JURY TRIAL IS HEREBY DEMANDED.

ANDRE C. DASENT, P.C.

/s/ Andre C. Dasent
By: _____
Andre C. Dasent, Esquire
Attorney for the Plaintiff

1650 Market Street, 36th Floor
Philadelphia, PA  19103
(215) 625-0555

**VERIFICATION**

ANDRE C. DASENT, ESQUIRE hereby states that he is the attorney for Plaintiff in the above matter; he is authorized to sign this Verification; and that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief.  The undersigned understands that this statement is made subject to the penalties of 18 Pa. C.S. 4904 related to unsworn falsification to authorities.

/s/ Andre C. Dasent

_____
ANDRE C. DASENT, ESQUIRE

Date:  June 15, 2007