UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DEBRA FRASER-HOWZE :
:
v. : Case No. 06-CV-01460
:
JEFFREY ASTER, *et al.* :

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff requests that, if the court should submit the case to the jury, that it be instructed as follows. In addition to the attached instructions, Plaintiff requests that this Court instruct the jury with the following standard jury instruction:

1. Evidence
2. Province of the Court and Jury
3. Stipulations
4. Inferences permitted
5. Preponderance of the Evidence Standard
6. Number of witnesses
7. Credibility of witnesses
8. Nominal Damages
9. Deliberations
10. Verdict and Jury Responsibilities

FILED
APR 09 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

/s/ Andre C. Dasent
_____
Andre C. Dasent, Esquire
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 625-0555

Joseph Moniz, Esquire
Moniz & Associates
10 Allyn Street
Hartford, CT

Attorneys for Plaintiff

11. Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 which allows a citizen to bring an action for money damages for violation of his constitutional rights. To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show (A) that the conduct was committed by a person acting under color of state law; and (B) that the conduct deprived the plaintiff of his or her constitutional rights. 42 U.S.C.1983; *Anderson v. Davila,* 125 F.3d 148, 159 (3d Cir. 1997).

12. Defendants have stipulated that, to the extent that they acted, they were acting under color of law. I, therefore, instruct that the first element Plaintiff's claim has been established.

13. The second element that Plaintiff must prove is that the Defendant violated a constitutional right. The constitutional right that Plaintiff contends was violated by Defendant Aster was Barron Wright's right to be free from the unreasonable use of force under the Fourth Amendment.

15.  The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested.  In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make the arrest.  Every person has the constitutional right not to be subjected to unreasonable force while being arrested, even if the arrest is otherwise proper.

In this case, Plaintiff claims that Defendant Aster violated Barron Wright's Fourth Amendment rights by using deadly force against him.

An officer may not use deadly force to prevent a suspect from escaping unless deadly force is necessary to prevent the escape <u>and</u> the officer reasonably believes that the suspect poses a significant threat of death or serious physical injury to the officer or others.  Also, the officer must give the suspect a warning before using deadly force, if it is feasible under the circumstances to give such a warning.

In order to establish that Defendant Aster violated the Fourth Amendment by using deadly force, Plaintiff must prove that Defendant Aster intentionally committed acts that constituted deadly force against Barron Wright.  If you find that Defendant Aster discharged his weapon at Barron Wright, then you have found that Defendant Aster used deadly force.  In addition, Plaintiff must prove:

> Defendant Aster did not have probable cause to believe that Barron Wright posed a significant threat of serious physical injury to himself or others; or

You should consider all the relevant facts and circumstances leading up to the time of the encounter that Defendant Aster reasonably believed to be true at the time of the encounter.  The reasonableness of Defendant Aster's acts must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, Plaintiff must prove that Defendant Aster intended to commit the acts in question; but apart from that requirement, Defendant Aster's actual motivation is irrelevant.  If the force

Defendant Aster used was unreasonable, it does not matter whether he had good motivations. And an officer's improper motive will not establish excessive force, if the force used was objectively reasonable

Third Circuit Model Jury Instruction 4.19

16. When a person dies, the damages they would have been entitled to go to their estate or survivors. The estate and survivors are just as entitled to these damages as the deceased person would have been had he survived. The Plaintiff, as the Administratrix of the estate of the decedent, claims damages under the Wrongful Death Act and the Survival Act. She is entitled to make claim under both acts, but the damages must not overlap or duplicate themselves.

A. Under the Wrongful Death Act, the damages recoverable by the Plaintiff are as follows:

1. The Plaintiff, as Administratrix of decedent's estate, is entitled to be awarded an amount that will cover all hospital, medical, funeral, burial, and estate administration expenses incurred. It has been stipulated that these expenses amount to $[amount].]

B. Under the Survival Act, the damages recoverable by the Plaintiff are as follows:

1. The Plaintiff, as Administratrix of decedent's estate, is entitled to be awarded the total net amount that the decedent would have earned between the date of his death and today. Net earnings are determined as follows: you must first calculate the total amount of the decedent's gross earnings, including the fringe benefits, between the date of death and today; from this amount, you deduct the amount of monetary contributions he would have made to his family during this period (which you have already awarded to the Plaintiff under the Wrongful Death Act) and the amount of money that the decedent would have spent on himself for his personal maintenance during this period. The probable cost of personal maintenance includes only the necessary and economical living expenses, such as food, shelter, and clothing, that the decedent would have been required to spend in order to maintain life during this period.

2. The Plaintiff, as Aministratrix of decedent's estate, is entitled to be awarded the value of the net amount that the decedent would have earned between today and the end of his life expectancy. Again, net earnings for this period are determined as follows: you must first calculate the total amount of the decedent's gross earnings between today and the end of his life expectancy; from this amount you must deduct the probable cost of his necessary and economical living expenses required to sustain life during this period [together with the amount of monetary contributions he would have made to his family

7

during this period (which you have already awarded under the Wrongful Death Act)]. Your award to the estate for total lost future net earnings thus represents the total net earnings over the decedent's work life expectancy.

3. The Plaintiff, as Administratrix of decedent's estate, is entitled to damages for the loss of the decedent's enjoyment of life and life's activities for the estimated time that he would have lived, based upon the life expectancy attributed to him.

You are to add each of these items of damages together in its proper category and return your verdict in two lump sum amounts, one under the Wrongful Death Act and the second under the Survival Act.

Pennsylvania Suggested Standard Jury Instruction 6.19

## CERTIFICATE OF SERVICE

I, Andre C. Dasent, Esquire, hereby certify that on this date Plaintiff's Proposed Jury Instructions were filed with the Court and served upon the following opposing counsel by United States Postal Service, First Class Mail postage prepaid to:

Randall J. Henzes, Esquire
Office of Attorney General
21 South 12th Street, 4th Floor
Philadelphia, PA  19107

FILED
APR 09 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

/s/ Andre C. Dasent
_____
Andre C. Dasent, Esquire

Date: April 9, 2008