```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

_____
                                      :
DEBRA FRASER-HOWZE, in her            :   CIVIL ACTION
individual capacity and as            :
Administratrix of the Estate of       :
Barron J. Wright,                     :
                                      :
         vs.                          :   NO. 06-1460
                                      :
AGENT JEFFREY P. ASTER, in his        :
Official and Individual Capacities.   :
_____:

HENRY S. PERKIN                                         APRIL 11, 2008
United States Magistrate Judge

## MEMORANDUM

Upon review of this Court's March 20, 2008 decision on Defendants' Motion for Summary Judgment, it is evident that, pursuant to Forbes v. Township of Lower Merion, 313 F.3d 144, 146 (3d Cir. 2002), a recitation of the following information is necessary to explain the decision to deny Agent Aster's claim for qualified immunity.

A decision at the summary judgment stage on qualified immunity will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis. The existence of disputed historical facts material to the objective reasonableness of an officer's conduct will give rise to a jury issue. Curley v. Klem, 298 F.3d 271, 278 (3d Cir. 2002).

Based on the statements of Loren Jeffrey and Susan Bonser ("the Bonsers"), the Pennsylvania State Police Ballistics Report and the FBI Report, and the deposition testimony of the

Agents, we concluded that the evidence, viewed solely in the light most favorable to the Plaintiff, could support a jury finding that it was objectively unreasonable for Agent Aster to shoot Barron Wright.  The potential constitutional violation with reference to the amount of force used was clearly established at the time of the incident.  The first step in this analysis requires the court to determine whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show [that] the officer's conduct violated a constitutional right."  Saucier v. Katz, 522 U.S. 194, 201 (2001).  In excessive force cases, this inquiry is simply "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'"  Graham v. Connor, 490 U.S. 386, 396-97 (1989)(citations omitted).

     First, Plaintiff has produced sufficient evidence, which if believed, would allow a reasonable juror to find that it was objectively unreasonable to perceive Barron Wright as attempting to injure or kill Agent Scott Fraley.  Specifically, Plaintiff points to the witness statements of the Bonsers, who pulled into the parking lot while these events happened and did not hear any verbal commands, warnings or any screaming given to Barron Wright to stop his vehicle and surrender prior to the use of deadly force.  Pl.'s Resp., Ex. C, pp. 2, 4.  This is in

direct conflict with the Agents' testimony that Barron Wright ignored their shouted verbal commands and Defendants' expert's conclusion based on the Agents' testimony, that the shooting was reasonable because Wright ignored verbal commands to surrender. Although Defendant contends that the Bonsers did not witness the entire interaction between Barron Wright and the Agents, a factual issue remains whether the verbal commands were ever given.  Accordingly, this determination must be made by the jury.

      Secondly, Plaintiff has produced evidence that, rather than attempting to assault Agent Scott Fraley, Barron Wright was trying to escape from the Agents at the time he was shot. Plaintiff specifically notes that the Pennsylvania State Police Ballistics Report and the FBI Report indicate that Agent Fraley's shots were fired from the left side of Barron Wright's vehicle, not from a position in the front of Wright's vehicle.  Based upon this report, Plaintiff argues that a jury could reasonably conclude that at the time Agent Aster fired his weapon, Agent Fraley was not in imminent danger of injury or death from Wright's vehicle and it was not objectively reasonable for Agent Aster to so conclude and discharge his weapon in a fashion that fatally wounded Wright.  Again, although Defendant argues that the report does not establish where Agent Fraley was standing or Agent Aster's belief that Barron Wright was going to hit Agent Fraley, the determination of whether Agent Fraley was in imminent

danger of injury or death is a jury question which precludes this Court from determining whether Agent Aster should be entitled to qualified immunity.

This decision does not comment on the weight of Plaintiff's evidence and does not preclude Defendant "from arguing that he reasonably perceived the facts to be different from those alleged by the plaintiff.  He may still contend that he reasonably, but mistakenly, believed that his use of force was justified by the circumstances as he perceived them; this contention, however, must be considered at trial."  <u>Forbes v. Township of Lower Merion</u>, CIV.A. No. 00-930, 2003 WL 24292860, at *6 (E.D. Pa. Apr. 10, 2003)(quoting <u>Bennett v. Murphy</u>, 274 F.3d 133, 137 (3d Cir. 2002)).  This Court's decision is only that a reasonable juror *could* find for Plaintiff based on the evidence presented.

For the foregoing reasons as well as those provided in the March 20, 2008 Memorandum, Defendant Aster's Motion for Summary Judgment was denied with respect to qualified immunity.

BY THE COURT:

/s/ Henry S. Perkin
Henry S. Perkin
United States Magistrate Judge